1    PAUL EVAN GREENWALD (Bar No. 57162)
     JOHN R. FLOCKEN (Bar No. 97137)
2    PAUL A. HOFFMAN (Bar No. 146805)
     **GREENWALD & HOFFMAN, LLP**
3    1851 E. First Street, Suite 860
     Santa Ana, California 92705-4039
4    Telephone No: (714) 285-0025
     Facsimile No:  (714) 285-0028
5
     Attorneys for Plaintiff
6    COMMUNITY INFUSION SERVICES, INC.

7

8                 UNITED STATES DISTRICT COURT

9           FOR THE CENTRAL DISTRICT OF CALIFORNIA

10                   SANTA ANA DIVISION

11

12    COMMUNITY INFUSION SERVICES, a     )    CASE NO.: SACV 11-00719 JVS (MLGx)
     California corporation,                          )
13                                        )
                   Plaintiff,                   )
14                                        )    **PLAINTIFF'S MEMORANDUM OF**
            v.                              )    **POINTS AND AUTHORITIES IN**
15                                        )    **OPPOSITION TO DEFENDANT'S**
                                       )    **MOTION TO DISMISS UNDER RULE**
16    NATIONAL ORGANIZATION FOR RARE    )    **12(b)(5)**
     DISORDERS, INC., a New York           )
17    corporation, and DOES 1-50,          )
                                         )    Date: August 29, 2011
18                 Defendants.           )    Time: 1:30 p.m.
                                         )    Courtroom: 10C
19                                          )

20                                          )

21

22

23

24

25

26

27

28

## I.   FACTUAL BACKGROUND.

Plaintiff Community Infusion Services, Inc. ("Plaintiff" or "CIS") incorporates herein by reference its statement of facts contained in its Opposition to the Motion to Dismiss under Rule 12(b)(6).  In addition, Plaintiff CIS agrees that it only served the Amended Complaint by electronic service because it is allowed to serve Defendants' counsel solely by electronic service under the Court's own rules, and Plaintiff has not been ordered to do otherwise.

## II.   PLAINTIFF'S FIRST AMENDED COMPLAINT WAS PROPERLY SERVED IN ACCORDANCE WITH APPLICABLE FEDERAL AND LOCAL RULES.

### A.   THERE IS NO REQUIREMENT UNDER THE FEDERAL RULES OR THE LOCAL RULES THAT THE FIRST AMENDED COMPLAINT IN THIS CASE MUST BE SERVED IN THE TRADITIONAL MANNER BY PERSONAL SERVICE.

Defendant The National Organization for Rare Disorders, Inc. ("Defendant" or "NORD") argues that Plaintiff's First Amended Complaint ("FAC") was not properly served because  the Federal and Local Rules and this Court's Order requires the FAC to be filed *and served* in the traditional manner (i.e., by personal service, not electronic service). This is not true.

Local Rule 3-2 states in relevant part:

> "Complaints (including third party complaints, counter-claims, and cross-claims) and other *initiating documents* in civil cases *shall be* filed, in duplicate, fees paid, and summons issued and *served in the traditional manner* on paper rather than electronically."  (Emphasis added.)

This rule only requires "initiating documents" to be "served in the traditional manner." On the face of Rule 3-2, *documents that do not initiate a case* against a party *are not required to be served in the traditional manner* on paper.  The FAC did not initiate Plaintiff's case against defendant NORD.  The original complaint did that.  Nor did the FAC name any new parties to be served.  Accordingly, the FAC is not an "initiating document."

Other local rules confirm this interpretation.  Local Rule 15-3 states, in relevant part, that "[s]ervice of amended pleadings *on a party who has not previously appeared* shall be made as provided in L.R. 4-1, 4-2, and 4-3."  (Emphasis added.)  This makes sense

1    since parties who have not appeared need to be served in the traditional manner with both

2    summons and the amended pleadings.  Parties who have already appeared require no

3    such service for the Court to acquire personal jurisdiction over them and, therefore,

4    traditional paper service is not necessarily required.

5          Local Rule 5-3.3 provides:

6          "Upon the electronic filing of a document, a Notice of Electronic Filing
     (NEF) is automatically generated by the CM/ECF system and sent by e-mail

7    to all attorneys in the case who are registered as CM/ECF Users and have
     have consented to electronic service.  ***Service by this electronic NEF***

8    ***constitutes service pursuant to the Federal Rules of Civil and Criminal***
     ***Procedure for all attorneys who have consented to electronic service.***

9    Attorneys not registered for the CM/ECF system or who did not consent to
     electronic service must be served as otherwise provided by the Federal

10   Rules.  ***Documents excluded from electronic filing (refer to General***
     ***Order 08-02 or any successive general order) must be served using***

11   ***traditional means*** of service in the manner prescribed for such service in
     the Federal Rules." (Emphasis added.)

12

13   Thus, only if a document is "excluded from electronic filing" under General Order 08-02 or

14   a successive general order must it be served by traditional paper means.

15         General Order No. 08-02, and its successive general order, No. 10-07, provides in

16   Section V.C.1, that "[c]omplaints (such as third party complaints, amended complaints,

17   complaints in intervention, counterclaims and cross-claims) and other civil ***case initiating***

18   ***documents shall be*** filed, in duplicate, fees paid, and summons issued and ***served in the***

19   ***traditional manner*** rather than electronically." (Emphasis added.)  The foregoing list is

20   demonstrative, rather than exclusive, with the key qualifying phrase being "case initiating

21   documents."  In other words, if the document, such as an amended complaint, is not a

22   "case initiating document" against one or more parties, then it need not be served in the

23   traditional manner.

24         Again, this makes sense since the Court acquires personal jurisdiction over parties

25   who have not yet appeared by the service of a summons and the case-initiating document.

26   If the amended complaint does not name any new parties, then it is not a case-initiating

27   document and, on the face of the foregoing rules, there is no need to use traditional

28   service.

---

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES**
**IN OPPOSITION TO DEFENDANT'S RULE 12(b)(5) MOTION TO DISMISS**

In the present case, the FAC, or First Amended Complaint, is clearly **not a case-initiating document** because no new non-appearing parties are named therein. Therefore, there is no need to serve it in the traditional manner.

This interpretation is further supported by Section VII.A of General Order 08-02, which was superceded by General Order 10-07, which states in relevant part: **"Service of an electronically filed document upon a CM/ECF User is deemed complete upon the transmission** of the NEF. . . .  For . . . CM/ECF Users who have opted not to receive electronic service, service is deemed complete in accordance with the Rules of Civil and Criminal Procedure." (Emphasis added.)  "**CM/ECF User**" is defined in Section II.D of General Order 10.07 as: "a **person who is registered to file in the CM/ECF system**." (Emphasis added.)

Here, it is undisputed that Defendant's counsel is a CM/ECF User and is "registered to file in the CM/ECF system" because Defendant's counsel is registered for and has been using the CM/ECF to file documents in the present case.  See Court's Docket, attached for the Court's convenience as **Exhibit 2** to Groscup Declaration, at Document Nos. 1 through 9, 15 through 17, 20, 25, and 26.  Defendant or their counsel could not have filed these documents electronically without being registered as CM/ECF users.  Therefore, if Defendant's counsel is registered to file in the CM/ECF system, then counsel is a CM\ECF User, upon whom service is complete upon electronic filing.  Accordingly, Defendant was timely and effectively served by electronic means in this case.

B. **DEFENDANT AND ITS COUNSEL CONSENTED TO SERVICE OF PLEADINGS BY ELECTRONIC SERVICE**.

Defendant and its counsel claim that they never consented to service of pleadings or other process by electronic means. (Motion, 3:9-12, 4:7-8; Dreibholz Decl., ¶ 11.)  This is not true according to the Court's own records and docket in this case.

After being served electronically with the present motion to dismiss, Plaintiff's counsel's office inquired of the Court's Help Desk regarding how to determine whether an attorney or firm has opted out of accepting electronic service.  The following exchange took

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES
IN OPPOSITION TO DEFENDANT'S RULE 12(b)(5) MOTION TO DISMISS**

1   place via email between Plaintiff's counsel's office and the Court's ECF Help Desk:

2         Q.     "How can I find out whether an attorney, or a firm has opted out of accepting

3                electronic service?"

4         A.     "In the docket sheet, below the attorneys address, it will read 'Attorney Does

5                Not Consent to Electronic Service' and also there will be no e-mail address

6                under attorney's his name." (Groscup Decl., at ¶ 2, and **Exhibit 1** attached

7                thereto.)

8        Attached to the Groscup Declaration, as **Exhibit 2,** is a copy of the Court's

9   electronic docket, dated July 28, 2011, showing all three attorneys representing Defendant.

10  Under none of their names does it state "Attorney Does Not Consent to Electronic Service."

11  Furthermore, all 3 of Defendant's counsel have their email addresses listed in the ECF

12  system.  Accordingly, pursuant to both the practice and policy of the District Court,

13  Defendant and its counsel are being treated as having consented to electronic service.

14       Furthermore, Defendant omits to disclose that the Notice of Filer of Deficiencies

15  (attached as Exhibit "C" to the Dreibholz Declaration) states the following at the very end

16  of the docket text paragraph: "You ***need not take any action*** in response to this notice

17  unless and ***until the court directs you*** to do so." (Emphasis added.)  Based on the

18  Court's directions to "not take any action" until directed by the Court, Plaintiff decided not

19  to take any action.  Defendant is now improperly seeking to take advantage of Plaintiff's

20  inaction when Plaintiff was clearly directed that it had the right to take no action.

21       Finally, ***Defendant's argument is not consistent with its prior behavior in this***

22  ***case***.  When Plaintiff ***electronically*** filed its opposition to the initial Motion to Dismiss

23  under Rule 12(b)(6), which was granted on June 14, 2011, neither Defendant's counsel nor

24  Plaintiff's counsel served their papers in the traditional manner, but they both allowed the

25  ECF system to serve opposing counsel. Defendant never objected that proper service had

26  not occurred.  If Defendant's counsel had never consented to electronic service in this

27  case, certainly there would have been an objection lodged in Defendant's Reply brief, but

28  there was not.  Accordingly, Defendant has waived its argument by its prior actions

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES**
**IN OPPOSITION TO DEFENDANT'S RULE 12(b)(5) MOTION TO DISMISS**

1    in accepting Plaintiff's service of prior pleadings via the ECF system without objection.

2    **C.**    **DEFENDANT TIMELY RECEIVED THE FIRST AMENDED COMPLAINT AND CAN SHOW NO PREJUDICE.**

3

4    Even assuming *arguendo* that Plaintiff were otherwise required to serve the FAC by

5    personal service, Defendant can show no prejudice in this case. Defendant has admitted

6    that it timely received a copy of the FAC via the ECF system on July 13, 2011. (Dreibholz

7    Decl., ¶ 4.) It is undisputed that this service was effected within 30 days and that

8    Defendant received a copy of the FAC at least as early as it would have received it

9    pursuant to personal service. In other words, there was no harm and Defendant therefore

10    cannot show, in any way, prejudice or detrimental reliance on the form of service. Since

11    Defendant has not been harmed, there is no reason to require further service because the

12    the basic requirements of due process have been served.

**III.**    **CONCLUSION.**

13    For all of the foregoing reasons, Defendant's motion to dismiss under Rule 12(b)(5)

14    should be denied.

15    Dated: August 8, 2011         GREENWALD & HOFFMAN, LLP

16

17

18                        By: *Paul A. Hoff*

PAUL A. HOFFMAN,
Attorneys for Plaintiff
COMMUNITY INFUSION SERVICES, INC.

19

20

21

22

23

24

25

26

27

28

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES
IN OPPOSITION TO DEFENDANT'S RULE 12(b)(5) MOTION TO DISMISS**